Whitaker, Judge,
concurring:
I concur in the foregoing opinion, but I should like to add the following:
I think we are bound by the decisions of the contracting officer and head of the department if there is any substantial *166 basis for them; but I do not think there is. I am convinced that the contract documents left no room for doubt that the Detroit Edison Company was to furnish the heat for the buildings and that this source of heat would be available for the necessary temporary heat; and that, this being true, there was no reasonable basis for the ruling of the contracting officer and the head of the department that the contractor was obliged to go to the extra expense of obtaining temporary heat through other means.
I am also convinced that no reasonable man could have interpreted the contract documents to require the plaintiffs to pay the charge of the water company, for which they were in no wise responsible and which, indeed, wras incurred before they entered upon the performance of the contract.
This being true, I think under numerous decisions of this court and of the Supreme Court we have authority to set aside the contracting officer’s decision and render that decision which the facts demand.
In Rego Building Corporation v. United States, 99 C. Cls. 445, we cited numerous decisions of the Supreme Court on the duty of the contracting officer under contracts similar to this one, and on the power of this court to set aside his decisions. The Supreme Court in them said that a contracting officer is under the duty of acting impartially in settling disputes; he is not to act as the representative of one of the contracting parties, but as an impartial, unbiased judge, and it said that if he fails to so act, but acts arbitrarily, or if his decision is so grossly erroneous as to imply bad faith, that this court has jurisdiction to set aside his decision.
Some contracting officers regard themselves as representatives of the defendant, charged with the duty of protecting its interests and of exacting of the contractor everything that may be in the interest of the Government, even though no reasonable basis therefor can be found in the contract documents; but the Supreme Court has said that in settling disputes this is not his function; his function, on the other hand, is to act impartially, weighing with an even hand the rights of the parties on the one hand and on the other.
So, when a case comes before us in which the contracting officer rules against the contractor, and there is no substantial *167 basis in the contract to support his ruling, or no substantial evidence to support it, or when his decision is grossly erroneous, we can hardly conclude that he has acted impartially; we can hardly say that he has been faithful to his duty to render impartial decisions; or, to paraphrase the language of prior decisions, that he has acted in good faith.
I think there was no substantial basis for the contracting officer’s decision on either question in this case, and that, therefore, we have the right to set it aside and render that decision which we think should have been rendered by him.
For these reasons I concur in the result reached..